UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANGELITO C. MERCADO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-01743-TWP-CSW |
| | ) |
| C. EMBRY, | ) |
| R. STURGEON, | ) |
| CITY OF EDINBURGH, | ) |
| | ) |
| Defendants. | ) |

**Order Screening Complaint and Directing Further Proceedings**

This matter is before the Court for screening of Plaintiff Angelito Mercado's Complaint. Mr. Mercado is a prisoner currently incarcerated at New Castle Correctional Facility. He filed this civil action alleging that police officers from the Town of Edinburgh,[1] Indiana, violated his constitutional rights by (1) arresting him without probable cause, (2) using excessive force, and (3) discriminating against him. Because Mr. Mercado is incarcerated, this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020).

---

[1] Mr. Mercado refers to Edinburgh as a "city," but the Court takes judicial notice that it is a "town." *See Town of Edinburgh*, https://www.edinburgh.in.us/ (last visited on Jan. 3, 2024).

Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Mercado names three defendants: (1) City of Edinburgh; (2) Officer C. Embry; and (3) Officer R. Sturgeon.

According to his complaint, on April 14, 2023, Mr. Mercado called the Edinburgh police department to report that his girlfriend Caroline Prosser had bitten his hand. Mr. Mercado's hand was severely injured, and he had received stitches at the hospital. When police officers arrived at his residence, Ms. Prosser fled the scene. The officers told Mr. Mercado to call the police if Ms. Prosser returned. Mr. Mercado warned the officers that Ms. Prosser would retaliate against him by filing false charges against him.

Ms. Prosser returned to the residence and began yelling, destroying property, and hitting herself. A neighbor called the police, and Mr. Mercado waited outside for their arrival.

Officers Embry and Sturgeon arrived, and Mr. Mercado told them about the earlier incident and call to the police. The officers handcuffed Mr. Mercado and put him in a patrol call. Mr. Mercado told the officers that he wasn't feeling well due to ingesting some pills and asked for them to obtain medical attention. The officers pulled Mr. Mercado out of the car, and he felt dizzy

and fell to the ground. This angered the officers who jerked Mr. Mercado by the arm to try to force him to walk on his own.

An ambulance arrived to take Mr. Mercado to the hospital. The officers lifted a still-handcuffed Mr. Mercado from the ground and slammed him down onto the stretcher, which exacerbated the injury to his hand.

Mr. Mercado told the officers that paperwork related to the earlier hospital visit was in a nearby parked car. The officers went to retrieve the documents, and when they returned they asked who the car belonged to. Mr. Mercado said the car was his and asked that his car and house keys be returned to him and not provided to Ms. Prosser. The officers gave the keys to Ms. Prosser anyway.

Mr. Mercado was in the hospital for several days and received surgery on his hand. After his release from the hospital, he learned that Ms. Prosser had moved his car to another location, and he never saw it again.

Mr. Mercado believes that the officers took the actions they did—arresting him without probable cause instead of Ms. Prosser, using excessive force, and giving his property to Ms. Prosser—due to racial animus because he is black and Ms. Prosser is white. Mr. Mercado alleges that his injuries resulted from Edinburgh's failure to train its police officers to treat racial minorities equally and for having a practice of not hiring any police officers of color.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

As an initial matter, the complaint leaves unclear whether Mr. Mercado was ever charged with a crime related to the events of this day. The Court takes judicial notice that Mr. Mercado is

currently in Indiana Department of Correction custody serving a sentence for dealing in methamphetamine under Indiana cause number 03C01-2007-F2-003425. *See* Indiana Department of Correction, "Incarcerated Search," https://www.in.gov/apps/indcorrection/ofs/ofs (last visited Jan. 3, 2024). The Court takes judicial notice of the case summary from that case, available at mycase.in.gov, that a petition to revoke pretrial supervision was filed on April 21, 2023, that Mr. Mercado pleaded guilty to dealing in methamphetamine on June 13, 2023, and that he was sentenced to a 12-year prison sentence on July 24, 2023.

### A. Claims against Officer Embry and Officer Sturgeon

As to the individual officers, Mr. Mercado asserts false arrest, excessive force, racial discrimination, due process, conspiracy, and illegal search and seizure claims. Dkt. 9 at 6. Mr. Mercado's false arrest, excessive force, and illegal search and seizure claims **shall proceed** against the officers under the Fourth Amendment or the Fourteenth Amendment, depending on his legal status at the time of the incident. *See Pulera v. Sarzant*, 966 F.3d 540, 549 (7th Cir. 2020) (explaining that "[b]efore a finding of probable cause, the Fourth Amendment protects an arrestee; after such a finding, the Fourteenth Amendment protects a pretrial detainee"). Further, regardless as to whether these claims proceed under the Fourth or the due process clause of the Fourteenth Amendment, the claims "are analyzed via the objective reasonableness standard." *Jump v. Village of Shorewood*, 42 F.4th 782, 793 (7th Cir. 2022) (citing *Pulera*, 966 F.3d at 550). A Fourteenth Amendment equal protection claim **shall also proceed** against the officers.

Mr. Mercado's conspiracy claims are **dismissed**. 42 U.S.C. § 1985(3), "provides a cause of action for persons who are victims of a conspiracy to deprive them of the 'equal protection of the laws' or 'equal privileges and immunities under the laws.'" *Milchtein v. Milwaukee Cnty.*, 42 F.4th 814, 827 (7th Cir. 2022). A plaintiff bringing a § 1985(3) claim must plead:

>(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Id.* The function of a conspiracy claim is to "permit recovery from a private actor who has conspired with state actors." *Fairley v. Andrews*, 578 F.3d 518, 526 (7th Cir. 2009). But where the defendants are being sued as state actors under 42 U.S.C. § 1983, "a § 1985(3) claim does not add anything except needless complexity." *Id.*

### B. Claims against Edinburgh

Under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), the town of Edinburgh may be liable if its practice, policy, or custom caused Mr. Mercado's constitutional injury. *Levy v. Marion Co. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019). "A municipality can be held liable under a theory of failure to train if it has actual knowledge of a pattern of criminally reckless conduct and there is an obvious need to provide training to avert harm, even if the prior acts have yet to result in tragedy." *Flores v. City of South Bend*, 997 F.3d 725, 733 (7th Cir. 2021). A *Monell* claim **shall proceed** on the theory that the failure to train police officers resulted in Mr. Mercado being treated differently due to his race.

### C. Summary

The claims which shall proceed are the following:

- Against Officers Embry and Sturgeon: false arrest, excessive force, and illegal search and seizure claims under the Fourth or Fourteenth Amendment, and an equal protection claim under the Fourteenth Amendment;

- Against the Town of Edinburgh: a failure-to-train claim pursuant to *Monell*.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If Mr. Mercado believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through January 31, 2024,** in which to identify those claims.

The **clerk is directed** to modify the name of the defendant from "City of Edinburgh" to "Town of Edinburgh."

### IV. Further Proceedings

This case was removed from state court on September 27, 2023, so the defendants have already been served and have appeared. Consistent with this Court's October 10, 2023, dkt. 8, Order, the defendants have **21 days** to file an amended answer to the complaint.

Further, nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Date: 1/4/2024

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

ANGELITO C. MERCADO
933594
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

All Electronically Registered Counsel